UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**2 5 CRIM 3 3 1**

UNITED STATES OF AMERICA

v.

MICHAEL GANN,

      Defendant.

**INDICTMENT**

25 Cr.

The Grand Jury charges:

## BACKGROUND

1.  MICHAEL GANN, the defendant, made at least seven improvised explosive devices (the "IEDs") using precursor chemicals, *i.e.*, chemicals that can be combined to create an explosive mixture, that he had ordered on the internet; transported the precursor chemicals from Long Island, New York to Manhattan; stored at least five of the IEDs, and at least four shotgun shells, on adjoining rooftops of residential apartment buildings in the SoHo neighborhood of Manhattan (the "Rooftops"); and threw at least one of the IEDs onto subway tracks on the Williamsburg Bridge. After he was arrested, GANN lied to law enforcement officers and falsely claimed that he had disposed of the precursor chemicals and shotgun shells in a dumpster, whose location he claimed he could not recall. Specifically:

  a.  On or about May 30, 2025, GANN placed an online order for approximately two pounds of the precursor chemical potassium perchlorate, over 200 cardboard tubes, and over 50 feet of fuses, among other items. GANN also separately placed an online order for approximately one pound of aluminum powder, another precursor chemical.

  b.  On or about June 4, 2025, in Long Island, GANN received his orders containing the precursor chemicals, mixed the potassium perchlorate with the aluminum powder

1

to create an explosive mixture, applied a flame to the mixture, and caused an explosion. Thereafter, GANN transported mixed and unmixed precursor chemicals, the cardboard tubes, and the fuses from Long Island to Manhattan and assembled the IEDs.

  c. GANN stored the precursor chemicals and at least five of the IEDs on the Rooftops. Below is a photograph of the five IEDs recovered from the Rooftops, as well as a still image from a surveillance video of GANN carrying some of the IEDs on the Rooftops. The pictured black IED contained approximately 30 grams of explosive powder, which is approximately 600 times the legal limit for consumer fireworks.





d. GANN also stored at least four shotgun shells—which he intended to combine with one or more of the IEDs—on the Rooftops, where they were later recovered by the FBI. Below is a photograph of GANN holding the shotgun shells, from March 29, 2025.



e. GANN threw a sixth IED onto subway tracks on the Williamsburg Bridge. A photograph of the subway tracks is below, with the IED circled in red.

3



f.  On or about June 5, 2025, law enforcement officers arrested GANN in the vicinity of the Rooftops and recovered a seventh IED from GANN's person. Following GANN's arrest, GANN falsely told law enforcement officers, in substance and in part, that he had disposed of the precursor chemicals and the shotgun shells in a dumpster in the Chelsea neighborhood of Manhattan, though he claimed not to be able to recall the dumpster's precise location.

2.  In or about May and June 2025, MICHAEL GANN, the defendant, conducted internet searches related to bomb-making and firearms, including: "will i pass a background check," "gun background check test," "can i buy a gun in any state without ffl [federal firearms license]," "3D gun printing," "gun stores," "clorine bomb," "how to make flash powder from household items," "what to mix with potassium perchlorate to make flash powder," "alluminum powder," "black powder nearby," "firework chemical equation," "pyro supplies," "quarter stick m1000 firecracker," "block buster firework," "1/2 stick dynamite," "glue sticks for glue gun," and

4

"rechargeable nail gun to shoot into steal."

3. On or about March 27, 2025, MICHAEL GANN, the defendant, posted the following message on X and tagged @POTUS, the official X account for the President of the United States: "Dear @POTUS, I'm thinking just now here in NYC that it's too bad that the wall wasn't built before the National Guard would have to come here for the Protests and Riotation or would you just drop a bomb on this place while and because they seem to be coming and coming?"

4. On or about June 5, 2025—just hours before MICHAEL GANN, the defendant, was arrested with one of the IEDs on his person—GANN posted the below message to Instagram:

> Who wants me to go out to play like no tomorrow?

### STATUTORY ALLEGATIONS

### COUNT ONE
(Attempted Destruction of Property by Means of Explosives)

The Grand Jury further charges:

5. In or about May and June 2025, in the Southern District of New York and elsewhere, MICHAEL GANN, the defendant, did knowingly and maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, a building, vehicle, and other real and personal property used in interstate and foreign commerce and in any activity affecting interstate and foreign commerce, to wit, GANN placed an improvised explosive device on the subway tracks on the Williamsburg Bridge.

(Title 18, United States Code, Section 844(i).)

## COUNT TWO
### (Transportation of Explosive Materials)

The Grand Jury further charges:

6. In or about May and June 2025, in the Southern District of New York and elsewhere, MICHAEL GANN, the defendant, not being a licensee or permittee under the provisions of Chapter 40 of Title 18 of the United States Code, knowingly transported, shipped, caused to be transported, and received, explosive materials.

(Title 18, United States Code, Sections 842(a)(3)(A) and 844(a).)

## COUNT THREE
### (Unlawful Possession of Destructive Devices)

The Grand Jury further charges:

7. In or about May and June 2025, in the Southern District of New York and elsewhere, MICHAEL GANN, the defendant, unlawfully did knowingly possess a firearm, namely, a combination of parts designed and intended for use in converting devices into destructive devices, as described in Title 26, United States Code, Section 5845(a)(8) and (f), not registered to the defendant in the National Firearms Registration and Transfer Record.

(Title 26, United States Code, Sections 5861(d) and 5871.)

## FORFEITURE ALLEGATIONS

8. As a result of committing the offenses alleged in Counts One and Two of this Indictment, MICHAEL GANN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

9. As a result of committing the offense alleged in Count Three of this Indictment, MICHAEL GANN, the defendant, shall forfeit to the United States, pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461, any and all firearms involved in said offense.

### Substitute Assets Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853;
Title 26, United States Code, Section 5872; and
Title 28, United States Code, Section 2461.)

FOREPERSON

JAY CLAYTON
United States Attorney