UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------- x
                                    :
UNITED STATES OF AMERICA            :
                                    :     CONSENT PRELIMINARY ORDER
        - v. -                            OF FORFEITURE AS TO
                                    :     SPECIFIC PROPERTY
MICHAEL GANN,                       
                                    :     S1 25 Cr. 331 (DEH)
        Defendant.                  
                                    :
-------------------------------- x

WHEREAS, on or about January 16, 2026, MICHAEL GANN (the "Defendant") was charged in a Superseding Information, S1 25 Cr. 331 (DEH) (the "Information"), with possession of ammunition after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count One), and transportation of explosive materials, in violation of Title 18, United States Code, Sections 842(a)(3)(A) and 844(a) (Count Two);

WHEREAS, the Information included forfeiture allegations as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count One of the Indictment, and forfeiture to the United States, pursuant to Title 18, United States Code, Sections 844(c) and 982(a)(2)(B), of any explosive materials involved or used or intended to be used in the commission of the offense and any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense;

WHEREAS, on or about January 16, 2026, the Defendant pled guilty to Counts One and Two of the Information;

WHEREAS, the Defendant consents to the forfeiture of all his right, title, and interest in four Winchester AA 12-guage shotgun cartridges, approximately one pound of

aluminum powder, approximately two pounds of potassium perchlorate, and approximately two bags of cannon fuse (together, the "Specific Property"), which constitutes property involved in or used to commit the offenses charged in Counts One and Two of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Chelsea Scism and Jonathan Bodansky, of counsel, and the Defendant and his counsel, Martin Cohen, Esq., that:

1.      As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10.    The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property may be executed in one or more counterparts, each of which will be deemed an

original but all of which together will constitute one and the same instrument.


AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          5/8/26
        CHELSEA L. SCISM                                   DATE
        JONATHAN L. BODANSKY
        Assistant United States Attorneys
        26 Federal Plaza
        New York, NY 10278
        (212) 637-2105 / -2385


MICHAEL GANN

By: _____          5-8-2026
        MICHAEL GANN                                      DATE

By: _____          5 - 8-2026
        MARTIN COHEN, ESQ.                            DATE
        Attorney for Defendant
        52 Duane Street 10th Floor
        New York, NY 10007


SO ORDERED:

_____          5/8/26
HONORABLE DALE E. HO                          DATE
UNITED STATES DISTRICT JUDGE